[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS FOR LACK OF JURISDICTION
The defendant in this case has moved through her counsel to dismiss this action because the original plaintiff, the father, died after bringing the action and before the motion for temporary custody was heard and eight months before the present trial began. The applicable statute is Connecticut General Statutes 52-599.
That statute provides that a cause or right of action shall not be lost or destroyed by the death of any person but shall survive in favor of or against the executor or administrator of the deceased person. However, subsection (c) further provides that the section will not apply
 (1) to any cause or right of action or to any civil action or proceeding the purpose or object of which is defeated or rendered useless by the death of any party thereto, . . . .
The defendant claims that subsection (1) applies and that the purpose or object of the plaintiff's motion for modification of the custody order in the original divorce is defeated by the death of the movant, the plaintiff father.
There appears to be no case directly on point in this state. There is one case decided by Judge Downey, In re Lisa N. and Sara N. and Michael N., Superior Court, Judicial District of New Haven, Juvenile Matters (September 15, 1992), which concerned the termination of parental rights of a mother. In that case, however, the father, who died after the trial had been held but before the judgment was entered, brought the action on behalf of the children. Consequently, the court held that it was necessary to have an executor or administrator appointed for the children but that the death of the father did not render useless or defeat the purpose of the action — since the children were still living and CT Page 8404 available to pursue it.
In another matter, where the Probate Court was attempting to determine the heirs at law of the decedent, to that end the paternity of two children, the death of the putative father whose paternity was determined by the Probate Court was held not to defeat or render useless the paternity action anymore than if the defendant had not appeared. See Anonymous v. Administrator,38 Conn. Sup. 91 (1983).
This court has heard the motion for modification on the original custody and visitation award and has reserved judgment on the motion to dismiss for lack of jurisdiction. After reviewing the applicable statute quoted above and the cases interpreting it cited above, the court finds that the death of the movant father comes within subsection (c)(1) of Connecticut General Statutes52-599 in that the purpose of the motion to transfer custody of the two children to the movant father is rendered moot by his death. The procedure in the statute permitting an executor or administrator to enter and appear to prosecute an action started by the deceased is not appropriate here since custody could not be given to the estate of the deceased.
Since the action is moot, the original order of custody stands and the children must be returned to the defendant's custody. Given this determination, the court orders with respect to visitation are also vacated.
Given the hostilities among the parties, the court would hope that all of the parties would cooperate in the best interests of the children to make the transfer of custody to the mother as pleasant as possible. The court also urges the defendant to seek counseling for herself and her children as soon as possible.
If the defendant's family members, who in effect persuaded the children's father to try to obtain custody, become aware that the children are being mistreated or neglected, they may report their concerns to the State Commissioner of Children and Youth Services or his representative under the provisions of Connecticut General Statutes 17a-103.
The motion to dismiss is granted.
MARGARET C. DRISCOLL STATE TRIAL REFEREE CT Page 8405